**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1196-23

JPMORGAN CHASE BANK,
NATIONAL ASSOCIATION,

     Plaintiff-Respondent,

v.

JAMES FARAH AND JULIA
FARAH, husband and wife,
AMERICAN EXPRESS
NATIONAL BANK, and
UNITED STATES OF
AMERICA,

     Defendants-Respondents,

_____

REY OLSEN,

     Appellant.

_____

Submitted February 4, 2025 – Decided February 13, 2025

Before Judges Gooden Brown and Smith.

On appeal from the Superior Court of New Jersey, Chancery Division, Morris County, Docket No. F-011096-18.

Rey Olsen, appellant pro se.

McCalla Raymer Leibert Pierce, LLP, attorneys for respondent JPMorgan Chase Bank, National Association (Brian P. Scibetta, on the brief).

PER CURIAM

Rey Olsen, a non-party to this foreclosure action, appeals the Chancery Division's order denying his motion for an emergency stay of eviction and his motion to vacate a foreclosure judgment entered against defendant James Farah. We affirm.

In 2008, defendant James Farah (Farah) executed a promissory note in the amount of $924,415 in exchange for a loan from Washington Mutual Bank (WaMu). As security, Farah and his wife, Julia Farah (defendants), executed a mortgage to WaMu on their property located in Chatham. WaMu subsequently went into receivership, and plaintiff J.P. Morgan acquired the note and mortgage in 2008.

Farah defaulted in 2010, and plaintiff commenced foreclosure proceedings in 2014. After one dismissal for lack of prosecution and a subsequent voluntary dismissal, plaintiff finally filed a foreclosure complaint in May 2018, which resulted in the Chancery Division's entry of final judgment against defendants on February 19, 2020 in the amount of $1,442,701.38 plus costs and fees. The

final judgment permitted recovery against defendants James Farah and Julia Farah "and all parties holding under said Defendants the possession of the premises." The judgment also ordered the sale of the mortgaged property, and foreclosed "all equity of redemption of, in and to the mortgaged premises[.]" The trial court also denied Farah's motion to dismiss plaintiff's complaint for lack of jurisdiction. A writ of execution was issued the same day.

Farah then filed a flurry of motions, all of which were denied by the trial court. The trial court eventually scheduled sale of the property. Plaintiff acquired the deed to the Chatham property after sheriff's sale on October 27, 2022. After denying yet another Farah motion to vacate and application for an emergent stay, the trial court issued a writ of possession on March 9, 2023.

On April 18, 2023, defendants assigned a twenty-percent interest "in all claims that they assert against J.P. Morgan Chase, N.A. (Chase) in connection with the alleged improper foreclosure of a mortgage in the following cases filed in the Superior Court of Morris County, New Jersey . . ." to Rey Olsen (Olsen). The assignment further stated that "Olsen may file a lawsuit in his own name as the assignee of the Farahs or in the name of the Farahs or may negotiate directly with Chase."

A-1196-23

Next, Olsen, apparently acting as Farah's assignee, moved to vacate the foreclosure judgment and sought related relief, ultimately asking the court to dismiss plaintiff's foreclosure complaint with prejudice. Because Olsen was not a party to the litigation, the court clerk rejected the motion.

On September 15, 2023, the trial court again issued a writ of possession. On November 1, Olsen once again filed an emergent application to stay the eviction. He moved to vacate the "the foreclosure judgment and all related [o]rders," arguing two theories. First, he contended that a statute of limitations defense to the foreclosure complaint applied. Second, he argued that the foreclosure judgment should be vacated under Rule 4:50-1. This time, the court heard the motion and issued a November 1 order denying the application and making findings.

On the statute of limitations argument, the court looked to N.J.S.A. 2A:50-56.1(c), and found plaintiff timely filed the 2018 complaint. On the Rule 4:50-1 argument, the trial court found Olsen failed to show excusable neglect or a meritorious defense. The trial court also denied Olsen's request to stay the eviction pending appeal, finding that he failed to meet his burden under Crowe v. De Gioia, 90 N.J. 126 (1982). Olsen appeals the court's November 1, 2023

A-1196-23

order, contending the trial court erred in denying his motion to vacate and to seek other relief.

The threshold question before us is whether Olsen, a non-party, has standing to appeal the trial court's November 1, 2023 order. We conclude the answer is clearly no.

Although "[o]ur courts generally take a liberal view of standing," a party's "standing is not automatic." N.J. Dep't of Envtl. Prot. v. Exxon Mobil Corp., 453 N.J. Super. 272, 291 (App. Div. 2018). A party has standing to appeal when it is "aggrieved by a judgment." State v. A.L., 440 N.J. Super. 400, 418 (App. Div. 2015) (quoting Howard Sav. Inst. v. Peep, 34 N.J. 494, 499 (1961)). "It is the general rule that to be aggrieved a party must have a personal or pecuniary interest or property right adversely affected by the judgment in question." Ibid. (quoting Howard Sav. Inst., 34 N.J. at 499).

The record shows Olsen took an assignment of defendants' rights to pursue a claim, if any, more than three years after entry of final judgment in plaintiff's foreclosure action against Farah. The record also shows that, even if a cognizable claim exists, Olsen never applied for intervention under Rule 4:33. It follows that Olsen has no standing to appeal the November 1, 2023 order.

We need not reach the merits of the appeal.

 A-1196-23

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1196-23